| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA §
§
*versus* § CASE NO. 4:08-CR-143
§
EARNEST LYNN ROSS §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Earnest Lynn Ross's ("Ross") *pro se* Motion to Credit Federal Sentence While Serving State Sentence (#147). Having considered the motion, the record, and the applicable law, the court is of the opinion that the motion should be dismissed.

I.  Background

In June 2008, investigators with the Denton County Sheriff's Office learned of several individuals who were planning a home invasion robbery in Denton County, Texas. Ross was identified as one of the suspects. On June 16, 2008, Ross was arrested while meeting with his coconspirators in a Walmart parking lot. Four firearms were seized from the trunk of Ross's vehicle at that time. On June 17, 2008, during a search of the residence where Ross was purportedly staying, investigators found two additional firearms, which were determined to have been stolen during a home invasion in Rockwall County, Texas.

That same day, a Criminal Complaint was filed in the Eastern District of Texas, Sherman Division, charging Ross and a codefendant with Possession of a Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). On July 9, 2008, a federal grand jury in the Eastern District of Texas returned a two-count Indictment charging Ross and a codefendant with two counts of Possession of Firearm by a Felon, in violation of 18 U.S.C. § 922(g)(1). On July 28, 2008, Ross was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum. On November 12,

2009, a First Superseding Indictment was returned, which made minor changes to the Indictment. Following a four-day trial, a jury found Ross guilty of both Counts One and Two of the First Superseding Indictment. On March 9, 2009, the court sentenced Ross to 120 months' imprisonment on each count, to run consecutively for a total sentence of 240 months' imprisonment. The Judgment is silent as to whether it is to run concurrently or consecutively to any other term of imprisonment. After Ross was sentenced in federal court, he was returned to state custody.

On July 20, 2011, Ross was convicted in the 158th District Court of Denton County, Texas, of unlawful possession of a firearm for which he was sentenced to 20 years' confinement. The Denton County Judgment states that Ross's twenty year sentence of confinement shall "run concurrently with F-2008-1958-B and federal case no. 4:08CR143." Ross's motion states that he "files this Motion to Credit his Federal Sentence as he currently serves his State Court Sentence, consistent with State Judge's Ruling," and attached a copy of a Judgment of Conviction from the 158th District Court of Denton County, Texas.

Ross is currently housed at the Texas Department of Criminal Justice John B. Connally Unit, located in Kenedy, Texas, with a projected release date of June 16, 2050.

II.   Analysis

It appears that Ross is requesting that he receive credit against his federal term of imprisonment for the time he has spent and will spend serving his Denton County sentence, which would be accomplished by the Bureau of Prisons's ("BOP") designating the state institution as the place for service of his federal sentence. The proper procedural vehicle for such a request is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Jackson*, 851

F. App'x 495, 497 (5th Cir. 2021) (holding that § 2241 is "the proper vehicle for obtaining credit for prior custody"); *United States v. Rodriguez-Falcon*, 710 F. App'x 242, 243 (5th Cir. 2018) (quoting *United States v. Setser*, 607 F.3d 128, 133 n.3 (5th Cir. 2010), *aff'd*, 566 U.S. 231 (2012)); *Robertson v. Werlich*, 667 F. App'x 853, 854 (5th Cir. 2016); *Arreola-Amaya v. Fed. Bureau of Prisons*, 623 F. App'x 710, 710 (5th Cir. 2015); *United States v. Howard*, 594 F. App'x 248, 249 (5th Cir. 2015) (noting that the Attorney General's decision in calculating a prisoner's time served is reviewable through a 28 U.S.C. § 2241 petition); *see United States v. Green*, No. CR415-204, 2021 WL 1929552, at *2 (S.D. Ga. May 13, 2021) ("[T]he proper procedure for Defendant to mount a judicial challenge to the BOP's decision is to file a civil action under 28 U.S.C. § 2241 in the district and division of her confinement."). For purposes of judicial economy, however, a motion seeking credit for time served is construed as a petition for habeas corpus relief. *See, e.g.*, *United States v. Reed,* 100 F. App'x 258, 259 (5th Cir. 2004) (treating defendant's motion for time credit as arising under § 2241); *United States v. Surasky*, 61 F. App'x 120, 120 (5th Cir. 2003) (analyzing motion for time to be credited against federal sentence as habeas petition); *United States v. Ramirez*, 70 F.3d 1267, 1267 (5th Cir. 1995) (viewing motion seeking credit for prior custody as § 2241 action); *United States v. Porter*, No. CR 19-0284, 2021 WL 4999006, at *1 (W.D. La. Oct. 27, 2021) (construing defendant's motion for credit for time served as a § 2241 action). Accordingly, Ross's motion will be considered as if it were a § 2241 habeas petition.

A federal prisoner must exhaust his administrative remedies before seeking habeas corpus relief in federal court under § 2241. *Poff v. Carr*, No. 22-10623, 2023 WL 2240463, at *1 (5th Cir. Feb. 27, 2023) (quoting *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir.),

*cert. denied*, 568 U.S. 993 (2012)); *United States v. Aparicio*, 963 F.3d 470, 478 (5th Cir.), *cert. denied*, 141 S. Ct. 435 (2020); *Falcetta v. United States*, 734 F. App'x 286, 287 (5th Cir. 2018); *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1035 (2018); *Setser*, 607 F.3d at 133 n.3.  This exhaustion requirement applies to the computation of prior custody sentence credit.  *See, e.g.*, *Aparicio*, 963 F.3d at 478; *Smith v. McConnell*, 950 F.3d 285, 287 (5th Cir. 2020); *Falcetta*, 734 F. App'x at 287; *Rodriguez-Falcon*, 710 F. App'x at 243; *Smith v. Upton*, 477 F. App'x 289, 289 (5th Cir. 2012).  Exceptions are warranted only in "extraordinary circumstances," such as where administrative remedies are unavailable or "wholly inappropriate" or where the petitioner has demonstrated the futility of administrative review.  *Fillingham*, 867 F.3d at 535; *Gallegos-Hernandez*, 688 F.3d at 194; *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007).

Moreover, under 18 U.S.C. § 3585(b), a federal district court does not have the authority to compute the amount of credit for time served to be accorded to a defendant.  *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992); *United States v. Montero*, No. 21-30767, 2023 WL 2400746, at *2 (5th Cir. Mar. 8, 2023) (citing *United States v. Taylor*, 973 F.3d 414, 418 (5th Cir. 2020)); *Aparicio*, 963 F.3d at 478; *Smith*, 950 F.3d at 288; *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017).  Indeed, "[d]istrict courts lack the jurisdiction to compute prior-custody credit at sentencing."  *United States v. Wynder*, 659 F. App'x 761, 763 (5th Cir. 2016); *accord Wilson*, 503 U.S. at 333 ("[C]omputation of the [prior-custody] credit must occur after the defendant begins his sentence."); *Montero*, 2023 WL 2400746, at *2 ("[T]the sentencing court is not authorized to order credit for time served."); *Aparicio*, 963 F.3d at 477 ("Federal law does not authorize a district court to compute the credit at sentencing."); *In re U.S. Bureau of*

*Prisons, Dep't of Just. (In re BOP)*, 918 F.3d 431, 438-39 (5th Cir. 2019) ("The Supreme Court has squarely held that § 3585(b) 'does not authorize a district court to compute the credit at sentencing.' This responsibility belongs to the Attorney General, acting through the BOP." (quoting *Wilson*, 503 U.S. at 334-35)). "Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision." *In re BOP*, 918 F.3d at 439. Rather, the Attorney General, acting through the BOP, is responsible for administering the sentence and determining prior-custody credit for a defendant. *See Wilson*, 503 U.S. at 335; *Montero*, 2023 WL 2400746, at *2; *Aparicio*, 963 F.3d at 476; *Smith*, 950 F.3d at 288; *Rodriguez-Falcon*, 710 F. App'x at 243; *Hankton*, 875 F.3d at 792; *Green*, 2021 WL 1929552, at *1 (denying defendant's motion for hard time credit in part because "the BOP, not the Court, possesses the authority to determine the manner in which credit for prior custody is applied toward a federal sentence"); *United States v. Barnes*, CR No. 113-119, 2021 WL 1395199, at *1 (S.D. Ga. Apr. 13, 2021) ("[M]atters concerning length of sentence determinations are better directed to the BOP, not this Court.").

Here, there is no indication that Ross has requested a nunc pro tunc designation from the BOP, which would designate his state facility as the location of service for his federal sentence, effectively allowing his state and federal sentences to run concurrently. Thus, Ross cannot show that he exhausted his sentence credit claim fully through the multi-step BOP exhaustion procedure prior to filing his motion. Thus, his claim is not ripe for review. *See Smith*, 950 F.3d at 287; *Falcetta*, 734 F. App'x at 287; *Pierce*, 614 F.3d at 160.

III.  Conclusion

Consistent with the foregoing analysis, *pro se* Motion to Credit Federal Sentence While Serving State Sentence (#147) is DISMISSED.

SIGNED at Beaumont, Texas, this 13th day of September, 2023.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE